The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

| | |
|---|---|
| COOL SHEETMETAL INC, | Chapter 7 |
| | Case No.: 13-74652-ast |
| Debtor. | |

-----------------------------------------------------------x
RICHARD L. STERN as Trustee of the
Estate of Cool Sheetmetal Inc.,

      Plaintiff,

      -against-                                Adv. Pro. No.: 14-

CONAIR CORP.,

      Defendant.
-----------------------------------------------------------x

## COMPLAINT

Richard L. Stern, the trustee (the "Trustee") of the estate of COOL SHEETMETAL, INC., and the plaintiff (the "Plaintiff") herein, by and through his attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his complaint (the "Complaint") against CONAIR CORP. ("CONAIR" or the "Defendant") and states as follows:

## THE PARTIES

1.    The Plaintiff is the Chapter 7 Trustee herein ("Plaintiff" or "Trustee").

2.    The Defendant, CONAIR is a New York Corporation with a mailing address of 246 Broadway, #2, New Hyde Park, New York 11040.

1

## JURISDICTIONAL PREDICATE

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 (a) and 1334.

4.    The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409 (a).

5.    This adversary proceeding is brought pursuant to 11 U.S.C. §§ 105 and 541 and 542 (the "Bankruptcy Code") and Rules 6004, 6009, and 7001 of the Federal Rules of Bankruptcy Procedure directing CONAIR to turnover and account to the estate for monies that are due and owing the estate.

6.    This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157 (a), (b)(2)(A), (E), (H), (N), and (O) and Bankruptcy Rules 7001 *et. seq.*

7.    In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

8.    This case was commenced by the filing of a voluntary petition pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on September 9, 2013 (the "Petition Date").

9.    On May 30, 2014, the Bankruptcy Court entered an Order converting the case to one under Chapter 7.

10. Richard L. Stern was thereafter appointed the interim Chapter 7 Trustee.

11. Prior to the commencement of the debtor's case, it performed work as a sub-contractor for CONAIR.

12. Specifically, the debtor performed work at (i) at St. Francis Hospital; and (ii) the Nassau Department of Public Works in Mineola.

**ST. FRANCIS HOSPITAL**

13. Upon information and belief, the open contract balance as to the St. Francis Hospital project ("Hospital") is $242,976.04.

14. Upon information and belief, there are no backcharges due and owing from the debtor on the Hospital project.

15. Upon information and belief, CONAIR owes the debtor, and therefore the estate, the sum of $242,976.04

16. Written demand was made upon CONAIR and it has refused, failed, or denied that it owes the funds.

**NASSAU DEPARTMENT OF PUBLIC WORKS**

17. Upon information and belief, the open contract balance as to the Nassau Department of Public Works project ("Nassau") is $74,081.85.

18. Upon information and belief, there are no backcharges due owing from the debtor to CONAIR as to the Nassau project.

19. Upon information and belief, CONAIR owes the debtor, and therefore the estate, the sum of $74,081.85.

20. Written demand was made upon CONAIR and it has refused, failed, or denied

that it owes the funds.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

21. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" as if each were more fully set forth herein.

22. The debtor entered into contracts to perform the work on each of the projects set forth herein.

23. CONAIR paid a portion of the amounts due to the debtor, but not all amounts due.

24. The debtor is still owed the sum of $317,057.89.

25. The Plaintiff made demand upon CONAIR for turnover of the amounts due, however, despite demand, CONAIR has failed or refused to pay the amounts due to the Plaintiff.

26. Accordingly, CONAIR is in breach of its contractual obligations.

27. The Plaintiff is entitled to receive $317,057.89.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as if each were more fully set forth herein.

29. The Plaintiff made demand upon CONAIR for the payment of $317,057.89.

30. CONAIR has refused to pay the amounts due to the Plaintiff.

31. The amount demanded constitutes an account stated.

32. The Plaintiff is entitled to receive $317,057.89.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO SECTION 542 OF THE BANKRUPTCY CODE

33. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" as if each were more fully set forth herein.

34. Section 542 of the Bankruptcy Code provides that "except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate".

35. CONAIR is not a custodian.

36. CONAIR is in possession, custody, or control, during the case, of property that the trustee may use.

37. CONAIR must deliver to the Plaintiff the amounts owed the debtor in the amount of $317,0578.89.

38. CONAIR must account for all of the funds which constitute property of the estate.

39. CONAIR is holding funds that are not of inconsequential value or benefit to the estate.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE**

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "41" through "39" as if each were more fully set forth herein.

41. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title".

42. CONAIR has refused to turnover to the estate money that is contractually due to the debtor.

43. The Plaintiff is entitled to the turnover of the funds due the estate in the amount of $317,057.89.

WHEREFORE, the Plaintiff demands judgment on (i) the first cause of action in the amount of $317,057.89; (ii) on the second cause of action in the amount of $317,057.89; (iii) on the third cause of action in the amount of $317,057.89; (iv) on the fourth cause of action in the amount of $317,057.89; together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
July 28, 2014

                                       The Law Offices of Avrum J. Rosen, PLLC
                                       Attorneys for the Trustee/Plaintiff

BY:   S/Fred S. Kantrow
         Fred S. Kantrow
         38 New Street
         Huntgington, New York 11743
         631 423 8527
         Fkantrow@avrumrosenlaw.com