UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

COOL SHEETMETAL INC.,

                      Debtor.                   Chapter 7
                                           Case No.: 13-74652-ast

-----------------------------------------------------------X
RICHARD L. STERN as Trustee of the
Estate of Cool Sheetmetal Inc.,

                      Plaintiff,              **ANSWER AND COUNTERCLAIM**

           -against-                                 Adv. Pro. No. 14-8210-ast

CONAIR CORP.,

                      Defendant.

-----------------------------------------------------------X       **JURY DEMANDED**

      Defendant Conair Corporation ("Conair"), through its attorneys, King & King, LLP, responds to the complaint as follows:

      1.     Conair denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 34, 35 and 41 of the complaint and to extent that there are any allegations asserted against defendant Conair, they are denied.

      2.     Conair admits the truth of the allegations set forth in paragraph 2 of the complaint.

      3.     Conair denies the truth of the allegations set forth in paragraphs 11, 22 and 23 of the complaint, except admits that plaintiff and Conair were parties to subcontract or subcontracts, and Conair refers to said contracts for its terms and effect.

4.     Conair denies the truth of the allegations set forth in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 24, 25, 26, 27, 29, 30, 31, 32, 36, 37, 38, 39, 42 and 43 of the complaint.

5.     Conair responds to the allegation in paragraphs 21, 28, 33 and 40 of the complaint in the same manner as it had responded to prior in response to the paragraphs referenced therein.

## FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges that the complaint and each purported claim alleged therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges that plaintiff's claims for relief are barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges that plaintiff's claims for relief are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, EPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges that plaintiff is barred from any and all recovery by virtue of their conduct constituting a waiver of each and every alleged claim for relief.

## FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of

action, defendant Conair alleges that plaintiff is estopped by their own actions and conduct from seeking recovery on its claims for relief.

## SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges that plaintiff's claims are barred by their unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair alleges plaintiff's claims are barred because plaintiff was in breach of the stated subcontract(s).

## EIGHTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair allege that plaintiffs have failed to mitigate their damages, if any, by failing to take such actions as are reasonably necessary to minimize any loss that may have been, or in the future may be, sustained.

## NINTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair allege that plaintiff's claims are barred because of principles of offset and/or recoupment.

## TENTH AFFIRMATIVE DEFENSE

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendant Conair allege that plaintiff's claims are barred because of principles of failure to plead and/or establish at trial conditions precedent under the subject subcontracts,

including, but not limited to, lack of proper notice of claim under subject subcontracts, lack of compliance with submission of timely and proper claims such that these claims can be made against responsible parties, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action based on any verbal or oral contract, defendants allege that plaintiff's claims are barred based on statute of frauds.

## TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, defendants allege that plaintiff's claims are barred based on principles of release and/or defenses of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

1.  Defendant Conair Corporation ("Conair") is a New York domestic business corporation. Conair's principal place of business is at 246 Broadway, Garden City Park, N.Y. 11040. Conair is in business as a heating, ventilation and air conditioning contractor.

2.  Upon information and belief, debtor Cool Sheetmetal Inc. ("Cool Sheetmetal") is a New York Corporation with its principal place of business at 10 Fleetwood Court, Ronkonkoma, N.Y. 11779. Cool Sheetmetal was in business and held itself out in business as a competent HVAC sheet metal contractor and subcontractor.

3.  On or about December 7, 2010, Conair and general contractor/construction manager Hunter Roberts Construction Group, LLC ("Hunter") entered into a contract ("Hospital Contract") by which Conair agreed to perform certain HVAC (Heating Ventilation Air

Conditioning) construction work for a project owner by St. Francis Hospital (also "Hospital") titled "St Francis Hospital Emergency Department, 100 Port Washington Boulevard, Roslyn, new York 11576, located at the addresses noted (the "Project").

4.  Sometime after Conair and Hunter entered into the Hunter Contract, Conair and Cool Sheetmetal entered into a subcontract for a portion of the work in the Contract ("Hospital Subcontract"). The terms of the Hospital Contract and Hospital Subcontract are incorporated herein in full.

5.  Hunter failed to pay Conair in accordance with the Contract as sum of $486,319.02 and owes plaintiff a sum of $486,319.02 for that work performed by Conair.

6.  On or about April 11, 2012, Hunter wrongfully terminated Conair's "employment" under the Hospital Contract.

7.  On or about April 13, 2012, Conair filed with the Nassau County Clerk's Office a notice of mechanics lien in the sum of $486,319.02 against the Hospital's property at 100 Port Washington Boulevard, Roslyn, New York 11576 and more specifically Section 3, Block 192, Lots 24.C and 24.D.

8.  On or about April 13, 2012, Conair filed suit against Hunter and the Hospital, in an action captioned <u>Conair Corp. v. Hunter Roberts et al</u>. Nassau County Supreme Court Index No. 4965/2012 ("Nassau County Litigation").

9.  As part of the Nassau County Litigation, Hunter Roberts has alleged that Conair's performance regarding the scope of work performed by Cool Sheetmetal was deficient and untimely and Hunter Roberts has asserted claims that exceed $700,000 against Conair based on alleged failures by Cool Sheetmetal.

10. Said Hospital Subcontract and/or operation of law requires that Cool Sheetmetal indemnify and hold Conair harmless for any losses resulting from claims against Conair based on performance or lack of performance by Cool Sheetmetal.

11. If it is determined that the work performed by Cool Sheetmetal under the Hospital Subcontract was deficient and untimely, and not waived by Hunter Roberts, then Cool Sheetmetal is in breach of the Hospital Subcontract, and Conair is entitled to damages that May exceed $700,000.00, plus attorney fees and costs under the subject indemnity provisions of Hospital Subcontract or common law and such other breach of contract damages resulting from Cool Sheetmetal's breach of the Hospital Subcontract.

WHEREFORE, the defendant Conair demands judgment:

(i) against the plaintiff dismissing the complaint;

(ii) on its counterclaim, such sum as established at the trial of this action; and

(iii) such other and further relief as this Court may deem just and proper .

Dated: August 28, 2014
      Long Island City, New York

KING & KING, LLP

By: _____
Peter M. Kutil, Esq. (PK-2562)

Attorneys for Defendant Conair
27 - 12    37th Avenue
Long Island City, N.Y. 11101
718-896-6554

To: Fred S. Kantrow
     THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
     38 New Street
     Huntington, N.Y. 11743