The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Scott T. Dillon

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

      COOL SHEETMETAL INC,                 Chapter 7
                                        Case No.: 13-74652-ast

                 Debtor.
----------------------------------------------------------x
RICHARD L. STERN as Trustee of the
Estate of Cool Sheetmetal Inc.,

                 Plaintiff,

      -against-                               Adv. Pro. No.: 14-8210-ast

CONAIR CORP.,

                 Defendant.
----------------------------------------------------------x

## PLAINTIFF'S REPLY TO COUNTERCLAIM

      Plaintiff, Richard L. Stern, Chapter 7 trustee ("Trustee" or "Plaintiff") of the estate of

COOL SHEETMETAL, INC. ("Debtor"), by and through his attorneys, The Law Offices of

Avrum J. Rosen, PLLC, respectfully submits this as and for his reply to the counterclaim

("Counterclaim") of defendant CONAIR CORP. (Defendant") and states as follows:

## FIRST COUNTERCLAIM

      1.     Plaintiff admits so much of the allegation contained in paragraph "1" of the

Counterclaim insofar as Defendant's principal place of business is 246 Broadway, Garden City

Park, New York.  To the extent additional allegations are raised in paragraph "1", Plaintiff lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "1" and therefore denies same.

2.      Plaintiff admits so much of the allegation contained in paragraph "2" of the Counterclaim insofar as Debtor is a New York corporation.  Plaintiff denies the allegation contained in paragraph "2" of the Counterclaim that Debtor's principal place of business is 10 Fleetwood Court, Ronkonkoma, New York, in that Debtor had voluntarily filed a petition under Chapter 11 of Title 11, United States Code, which case was subsequently converted to Chapter 7 by Order of this Court, and thus is no longer operating as a going concern, does not have a principal place of business, and the Trustee has statutorily taken possession of all of Debtor's assets. Plaintiff denies the allegation contained in paragraph "2" of the Counterclaim that Debtor held itself out as a "competent" entity, in that "competent" has not been defined by Defendant, and therefore Plaintiff denies same.  Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations allegation contained in paragraph "2" and therefore denies same.

3.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" and therefore denies same.

4.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" and therefore denies same.  Plaintiff denies the allegation contained in paragraph "4" that Defendant incorporated the terms of the "Hospital Contract" and "Hospital Subcontract" which were not annexed to the Counterclaim and thus are not before this Court.

5.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" and therefore denies same.

6.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" and therefore denies same.

7.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" and therefore denies same.

8.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" and therefore denies same.

9.      Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" and therefore denies same.

10.     Plaintiff denies the allegations contained in paragraph "10" of the Counterclaim insofar as it states a legal conclusion to which no response is required regarding the alleged respective rights of parties to purported contracts.

11.     Plaintiff denies the allegations contained in paragraph "11" of the Counterclaim insofar as it states a legal conclusion to which no response is required regarding the alleged respective rights of parties to purported contracts.  Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "11" and therefore denies same.

## AFFIRMATIVE DEFENSES

Defendant lacks any basis in fact or law to assert a counterclaim against Plaintiff. Defendant's purported counterclaim is based upon alleged violations by Debtor of certain purported pre-petition contracts and events.  Defendant, should it in fact possess a valid claim against Debtor for pre-petition debt, is bound under the requirements of 11 U.S.C. §§ 501, 502 and Rules 3001 and 3002 of the Federal Rules of Bankruptcy Procedure to timely file a proof of claim in Debtor's bankruptcy case, and such required supporting documents, with this Court in order to

be eligible to receive a potential *pro rata* distribution, should one ultimately be available to general unsecured creditors.

Defendant, in its answer, asserted an astounding twelve (12) affirmative defenses to the allegations asserted in Plaintiff's complaint, the overwhelming majority of which are inapplicable, frivolous and vexatious intended to unnecessarily prolong litigation and increase the costs attendant thereto.  Plaintiff, by and through this reply, reserves his right to file a motion to strike Defendant's affirmative defenses under Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(f) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff demands judgment: (i) on the first cause of action in the amount of $317,057.89; (ii) on the second cause of action in the amount of $317,057.89; (iii) on the third cause of action in the amount of $317,057.89; (iv) on the fourth cause of action in the amount of $317,057.89; (v) denying in its entirety Defendant's counterclaim; and (vi) together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
      September 8, 2014

                    The Law Offices of Avrum J. Rosen, PLLC
                    Attorneys for Trustee/Plaintiff

BY:    S/Fred S. Kantrow
           Fred S. Kantrow
           Scott T. Dillon
           38 New Street
           Huntgington, New York 11743
           631 423 8527
           Fkantrow@avrumrosenlaw.com

4